UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AHMED ELZEIN,

    Plaintiff,

                    Case No: 2:22-cv-12352

v.

                    Hon. Sean F. Cox

ASCENSION GENESYS HOSPITAL,

                    Magistrate Curtis Ivy, Jr.

    Defendant.

| | |
|---|---|
| STEMPIEN LAW, PLLC<br>Eric Stempien (P58703)<br>Attorneys for Plaintiff<br>38701 Seven Mile Rd., Suite 130<br>Livonia, MI 48152<br>(734)744-7002<br>eric@stempien.com | JACKSON LEWIS P.C.<br>Maurice G. Jenkins (P33083)<br>Michelle J. LeBeau (P51440)<br>Daniel C. Waslawski (P78037)<br>Attorneys for Defendant<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>Maurice.Jenkins@jacksonlewis.com<br>Michelle.LeBeau@jacksonlewis.com<br>Daniel.Waslawski@jacksonlewis.com |

## **JOINT RULE 26(f) DISCOVERY PLAN**

The Court scheduled an initial scheduling conference to occur on Tuesday, January 31, 2023 at 1:30 p.m. Appearing for the parties as counsel will be:

Eric Stempien, Attorney for Plaintiff.

Maurice G. Jenkins, Michelle J. LeBeau, and/or Daniel C. Waslawski, Attorneys for Defendant.

In connection with the scheduling conference and pursuant to Fed. R. Civ. Proc. Rule 26(f), the parties hereby submit this Joint Rule 26(f) Discovery Plan for the Court's consideration.

1. **Initial Disclosures.** The parties have not yet exchanged Rule 26(a) Initial Disclosures and agree that disclosures will be exchanged by **February 10, 2023.**

2. **Subject Matter Jurisdiction.** This Court has subject matter jurisdiction over Plaintiff's claims brought under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964 claims (counts I - IV) under 28 U.S.C. § 1331 because the claims arise under federal law. This Court has supplemental jurisdiction over Plaintiff's false imprisonment claim (count V) because the claim arises out of the same set of alleged facts as Plaintiff's federal claims.

3. **The Relationship of This Case to Other Cases.** The parties are not aware of any case related to the instant lawsuit.

4. **Contemplated Amendments.** The parties do not currently anticipate amendments to the complaint or answer. The parties reserve their right to amend

2

their pleadings as of right under the Federal Rules of Civil Procedures or to otherwise seek leave to amend their pleadings.

5. **Anticipated Discovery and Discovery Progress.** At this time, the parties do not anticipate any discovery disputes. Similarly, the parties do not anticipate any changes in the presumptive limits of discovery as set forth under the Federal Rules of Civil Procedure, including those provisions regarding the length of depositions and number of interrogatories. However, the parties reserve their right to seek leave to exceed the presumptive limit on the length of depositions and number of interrogatories or other limits on discovery for good cause shown should developments in the case necessitate same.

The parties further agree to the following scheduling order deadlines

- Plaintiff's expert witness list and Fed. R. Civ. P. 26(a)(2) disclosures, other than experts regarding damages: **March 31, 2022**

- Defendant's expert witness list and Fed. R. Civ. P. 26(a)(2) disclosures, other than experts regarding damages: **May 2, 2023**

- Lay witness lists – **May 30, 2023**

- Discovery cutoff – **July 28, 2023**

- Dispositive motion filing deadline –**September 11, 2023**

- At this time, the parties do not anticipate that experts will be utilized regarding liability. However, should the need arise, experts as to liability will be disclosed in accordance with the schedule set forth above. To preserve resources, the parties shall be permitted to conduct discovery pertaining to damages experts after the Court rules on motions for

3

summary judgment. In this regard, the required expert disclosures under Fed. R. Civ. P. 26(a)(2) for economic and non-economic damages experts, including psychological experts, shall be disclosed **no later than 120 days before trial** in accordance with Fed. R. Civ. P. 26(a)(2)(D)(i). Rebuttal experts shall be disclosed **at least 90 days within the other party's disclosures** in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii). Any discovery pertaining to damages experts shall be completed **no later than 60 days before trial**.

- All other deadlines – **At the Court's discretion**

6. **Electronically Stored Information ("ESI").** The Parties understand their preservation obligations. ESI and other discovery shall be produced in the most cost effective and time efficient manner, including electronically or in paper format, so long as the manner utilized allows the opposing party to review the full contents of the discovery with common software such as Microsoft Word, Excel, and Adobe. Should a party object to producing ESI based on the cost or burden, the parties will attempt to resolve the matter amongst themselves before presenting the issue to the Court for a determination.

7. **Privileged and Protected Materials.** The parties do not anticipate any privilege or protection issues at this time. The production of privileged or work-product protected documents, electronically stored information or other information, whether inadvertent or otherwise, shall not be a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties agree that they shall each have the maximum protection allowed by Federal Rule of Evidence 502(d). Any documentation or electronically stored information produced

and subsequently made subject to a claim of privilege or work-product shall immediately be returned to the producing person, and all copies or summaries thereof immediately destroyed, and such material shall not be introduced into evidence in this or any other proceeding by any person or order of the Court, nor will such material be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding. The production of any documents or electronically stored information in this action, which, absent such production, would have been in whole or in part privileged under the attorney-client privilege or the work-product doctrine, will not waive the attorney-client privilege or the work-product doctrine as to any material not produced, regardless of its subject matter.

8. **Anticipated motions:** Defendant anticipates filing an appropriate dispositive motion pursuant to Fed. R. Civ. P. 56 after the close of discovery but prior to trial. The parties have not identified any other legal issues but will attempt to work through any that may arise before bringing them before the Court. The parties anticipate reaching an agreement on a protective order, which they will submit to the Court for approval and entry.

9. **Methods of alternative dispute resolution:** Should this Court refer to the parties to some form of alternative dispute resolution, the parties prefer a

settlement conference with the Magistrate Judge or facilitative mediation instead of case evaluation.

10. **Estimated Trial Length:** The parties estimate that trial may be completed in 3-5 days.

Respectfully submitted by:

| STEMPIEN LAW, PLLC | JACKSON LEWIS P.C. |
|---|---|
| By: /s/ Eric Stempien (w/consent) <br> STEMPIEN LAW, PLLC <br> Eric Stempien (P58703) <br> Attorneys for Plaintiff <br> 38701 Seven Mile Rd., Suite 130 <br> Livonia, MI 48152 <br> (734)744-7002 <br> eric@stempien.com | By: /s/ Daniel C. Waslawski <br> JACKSON LEWIS P.C. <br> Maurice G. Jenkins (P33083) <br> Michelle J. LeBeau (P51440) <br> Daniel C. Waslawski (P78037) <br> Attorneys for Defendant <br> 2000 Town Center, Suite 1650 <br> Southfield, MI 48075 <br> (248) 936-1900 <br> Maurice.Jenkins@jacksonlewis.com <br> Michelle.LeBeau@jacksonlewis.com <br> Daniel.Waslawski@jacksonlewis.com |
| Dated: January 10, 2023 | Dated: January 10, 2023 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served upon all parties/attorneys in the above cause at their respective addresses disclosed on the pleadings on January 10, 2023 by:

☐ Hand Delivery     X ECF
☐ Overnight Delivery     ☐ FAX
                                    ☐ E-mail

/s/ Daniel C. Waslawski
Daniel C. Waslawski

4861-7681-3378, v. 1