UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AHMED ELZEIN,

    Plaintiff,

v.

ASCENSION GENESYS HOSPITAL,

    Defendant.

Case No: 2:22-cv-12352

Hon. Sean F. Cox

Magistrate Curtis Ivy, Jr.

| STEMPIEN LAW, PLLC<br>Eric Stempien (P58703)<br>Attorneys for Plaintiff<br>38701 Seven Mile Rd., Suite 130<br>Livonia, MI 48152<br>(734)744-7002<br>eric@stempien.com | JACKSON LEWIS P.C.<br>Maurice G. Jenkins (P33083)<br>Michelle J. LeBeau (P51440)<br>Daniel C. Waslawski (P78037)<br>Attorneys for Defendant<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>Maurice.Jenkins@jacksonlewis.com<br>Michelle.LeBeau@jacksonlewis.com<br>Daniel.Waslawski@jacksonlewis.com |
|---|---|

**DEFENDANT'S MOTION TO COMPEL FED. R. CIV. P. 26(a) INITIAL DISCLOSURES AND RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS**

Defendant Ascension Genesys Hospital ("Ascension Genesys" or "Defendant"), by and through its counsel, Jackson Lewis, P.C., and pursuant to Fed. R. Civ. P. 37, moves this Court for an order compelling Plaintiff Ahmed Elzein ("Plaintiff") to provide his Fed. R. Civ. P. 26(a) initial disclosures, answers to Defendant's First Set of Interrogatories Agreement, and responses to Defendant's First Request for Production of Documents.

Pursuant to L.R. 7.1, counsel for Defendant contacted counsel for Plaintiff on March 6, 2023 via phone. After counsel for Defendant received no answer to his phone call, counsel for Defendant, as the movant, sent an email to Plaintiff's counsel through which he explained the nature of the motion, its legal basis, the relief sought and requested concurrence in same, but did not obtain concurrence.

WHEREFORE, for the reasons set forth more fully in the attached Brief in Support, Defendant respectfully requests that this Court enter an order:

A. Granting Defendant's Motion to Compel Fed. R. Civ. P. 26(a) Initial Disclosures and Discovery Responses From Plaintiff;

B. Compelling Plaintiff to serve full and complete Fed. R. Civ. P. 26(a) initial disclosures within seven (7) days of this Court's order;

B. Compelling Plaintiff to serve full and complete signed and dated answers to Defendant's First Set of Interrogatories within seven (7) days of this Court's order;

C. Compelling Plaintiff to serve full and complete signed and dated responses to Defendant's First Request for Production of Documents and to produce all documents in Plaintiff's possession, custody or control that are responsive to Defendant's requests for production within seven (7) days of the Court's order;

D. Awarding Defendant its reasonable expenses in bringing this motion, including attorneys' fees and costs; and

E. Granting Defendant any further relief this Court deems just and equitable.

                Respectfully submitted,

                JACKSON LEWIS P.C.


By:   /s/ Daniel C. Waslawski
       Maurice G. Jenkins (P33083)
       Michelle J. LeBeau (P51440)
       Daniel C. Waslawski (P78037)
       Attorneys for Defendant
       2000 Town Center, Suite 1650
       Southfield, MI 48075
       (248) 936-1900
       Maurice.Jenkins@jacksonlewis.com
       Michelle.LeBeau@jacksonlewis.com
       Daniel.Waslawski@jacksonlewis.com

Dated:  March 10, 2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AHMED ELZEIN,

    Plaintiff,

v.

ASCENSION GENESYS HOSPITAL,

    Defendant.

Case No: 2:22-cv-12352

Hon. Sean F. Cox

Magistrate Curtis Ivy, Jr.

| STEMPIEN LAW, PLLC<br>Eric Stempien (P58703)<br>Attorneys for Plaintiff<br>38701 Seven Mile Rd., Suite 130<br>Livonia, MI 48152<br>(734)744-7002<br>eric@stempien.com | JACKSON LEWIS P.C.<br>Maurice G. Jenkins (P33083)<br>Michelle J. LeBeau (P51440)<br>Daniel C. Waslawski (P78037)<br>Attorneys for Defendant<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>Maurice.Jenkins@jacksonlewis.com<br>Michelle.LeBeau@jacksonlewis.com<br>Daniel.Waslawski@jacksonlewis.com |
|---|---|

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL FED. R. CIV. P. 26(a) INITIAL DISCLOSURES AND RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS**

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ............................................................. ii

TABLE OF AUTHORITIES ................................................................................ iii

I.  INTRODUCTION ...................................................................................... 1

II. STATEMENT OF RELEVANT FACTS .................................................... 1

    A.   Procedural History ............................................................................ 1

    B.   Ascension Genesys Serves Discovery Requests, But Plaintiff Fails To Answer Or Respond. .......................................................... 2

III. LEGAL ARGUMENT ................................................................................ 4

    A.   Plaintiff Has Waived All Objections to Defendant's Discovery Requests and He Is; Therefore, Required to Provide Full and Complete Responses To Same ............................................................ 4

    B.   The Court Should Consider Awarding Defendant its Reasonable Costs and Attorney Fees Incurred in Bringing this Motion ................................................................................................ 5

IV. CONCLUSION ........................................................................................... 6

## STATEMENT OF ISSUES PRESENTED

I.  Should this Court order Plaintiff to serve his Fed. R. Civ. P. 26(a) initial disclosures?

> Defendant answers:            Yes
>
> This Court should answer:     Yes

II. Should this Court order Plaintiff to answer Defendant's First Set of Interrogatories where Defendant served its First Set of Interrogatories on January 13, 2023 and Plaintiff has not served objections or responses to date?

> Defendant answers:            Yes
>
> This Court should answer:     Yes

III. Should this Court order Plaintiff to respond to Defendant's First Request for Production of Documents and produce responsive documents where Defendant served its First Request for Production of Documents on January 13, 2023 and Plaintiff has not served objections or responses to date?

> Defendant answers:            Yes
>
> This Court should answer:     Yes

IV. Whether the Court should award Defendant its reasonable expenses, including costs and attorneys' fees, for bringing the instant motion?

> Defendant answers:            Yes
>
> This Court should answer:     Yes

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cozzens v. City of Lincoln Park*,
  2009 U.S. Dist. LEXIS 4063 (E.D. Mich. Jan. 21, 2009) ....................................4

*Gonzalez, Jr. v. Ohio Cas. Ins. Co.*,
  2008 U.S. Dist. LEXIS 23207 (E.D. Mich. 2008)................................................4

**Court Rules**

Fed. R. Civ. P. 26(a)..............................................................................................*passim*

Fed. R. Civ. P. 26(a)(1)(C) ...............................................................................................2

Fed. R. Civ. P. 26(f)..........................................................................................................2

Fed. R. Civ. P. 26(f)(2)-(3) ...............................................................................................2

Fed. R. Civ. P. 33 ..............................................................................................................4

Fed. R. Civ. P. 33(b)(2).....................................................................................................4

Fed. R. Civ. P. 34(b)(2)(A) ...............................................................................................4

Fed. R. Civ. P. 33(b)(4).....................................................................................................4

Fed. R. Civ. P. 34 ..............................................................................................................4

Fed. R. Civ. P. 37 ..........................................................................................................i, 1

Fed. R. Civ. P. 37(a)(5)(A) ...............................................................................................5

L.R. 7.1............................................................................................................................ ii

I. **INTRODUCTION**

On January 13, 2023, Defendant Ascension Genesys ("Defendant" or "Ascension Genesys") served interrogatories and requests for production of documents concerning this lawsuit on Plaintiff Ahmed Elzein ("Plaintiff"). To date, Plaintiff failed to provide Ascension Genesys with any responses to Ascension Genesys's interrogatories or requests for production of documents, and he has also failed to serve his Fed. R. Civ. P. 26(a) Initial Disclosures. Ascension Genesys's counsel has repeatedly contacted Plaintiff's counsel via phone and email over the course of weeks to no avail.

Pursuant to Fed. R. Civ. P. 37, Ascension Genesys's instant motion should be granted. For all of the reasons set forth below, Plaintiff should be compelled to provide full and complete Fed. R. Civ. P. 26(a) Initial Disclosures and responses to Defendant's written discovery requests.

II. **STATEMENT OF RELEVANT FACTS**

A. **Procedural History**

On October 4, 2023, Plaintiff filed his Complaint against Ascension Genesys in this Court, alleging a myriad of employment-related claims, including claims brought under the Michigan Elliott-Larsen Civil Rights Act and Title VII of the Civil Rights Act of 1964, arising out of his former employment with Ascension Genesys. (*See* ECF No. 1, Complaint.) On December 5, 2022, Ascension Genesys

1

timely filed its Answer to Plaintiff's Complaint. (ECF No. 7, Ascension Genesys's Answer.)

After Ascension Genesys filed its answer, the parties prepared and submitted a Joint Rule 26(f) Discovery Plan in accordance with Fed. R. Civ. P. 26(f)(2)-(3). (*See* ECF No. 10, Joint Rule 26(f) Discovery Plan.) In accordance with Fed. R. Civ. P. 26(a)(1)(C), the parties stipulated to serving Fed. R. Civ. P. 26(a) Initial Disclosures by February 10, 2023. (*See* ECF No. 10, PageID.56.)

**B.     Ascension Genesys Serves Discovery Requests, But Plaintiff Fails To Answer Or Respond.**

On January 13, 2023, Ascension Genesys served interrogatories and requests for production of documents on Plaintiff. (**Ex. A**, Discovery Requests) The discovery responses were due on or before February 13, 2023. After not having received any responses or otherwise heard from Plaintiff's counsel concerning the interrogatories, requests for production of documents, or initial disclosures, Ascension Genesys's counsel contacted Plaintiff's counsel on February 15, 2023 and February 17, 2023. (**Ex. B**, email chain). On Friday, February 17, 2023, Plaintiff's counsel responded, stating that he would follow up with Ascension Genesys's counsel regarding the status of Plaintiff's discovery requests on Monday, February 20, 2023. (**Ex. B**.)

Plaintiff, however, did not provide the responses by February 20, 2023 or otherwise notify Ascension Genesys's counsel of the status of the discovery

2

responses. Over the course of the following two weeks, on February 27, 2023 and March 6, 2023, seeking to avoid a Motion to Compel, defense counsel again reached out to Plaintiff's counsel via email and phone but received no response from Plaintiff. (**Ex. B**.) In his most recent email, defense counsel also attached a proposed stipulated order compelling initial disclosures and Plaintiff's discovery responses by March 13, 2023. (**Ex. B.**)

    As detailed above, Defendant's counsel has attempted to meet and confer with Plaintiff's counsel regarding Plaintiff's failure to respond to discovery requests. In the interest of avoiding motion practice, Defendant's counsel waited several weeks before filing this motion in order to provide Plaintiff with what were essentially "extensions" to fully and completely respond. Unfortunately, however, weeks have passed without receipt of the responses to Ascension Genesys's interrogatories and requests for production of documents. In order to defend itself against the lawsuit that Plaintiff has filed, Ascension Genesys needs (and is entitled to) basic information regarding the alleged underlying facts purportedly supporting Plaintiff's asserted claims. As such, Plaintiff has violated the Federal Rules of Civil Procedure and has necessitated the instant Motion.

### III.    LEGAL ARGUMENT

**A.    Plaintiff Has Waived All Objections to Defendant's Discovery Requests and He Is; Therefore, Required to Provide Full and Complete Responses To Same**

The Court should compel Plaintiff to serve full and complete Fed. R. Civ. P. 26(a) initial disclosures, answers to Ascension Genesys's interrogatories, and responses to Ascension Genesys's requests for production. Fed. R. Civ. P. 33(b)(2) provides that answers or objections to interrogatories must be served within 30 days of being served with the interrogatories unless otherwise provided by stipulation or court order. Critically, Rule 33(b)(4) further provides that any "ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 34(b)(2)(A) similarly provides a party 30 days to respond to requests for production of documents. Critically, as this very Court has held, "[a]s a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection.'" *Gonzalez, Jr. v. Ohio Cas. Ins. Co.*, 2008 U.S. Dist. LEXIS 23207 (E.D. Mich. 2008), quoting, *Carfagno v. Jackson National Life Ins.*, 2001 U.S. Dist. LEXIS 1768 (W.D. Mich. 2001) (no exception for work product and attorney-client material under the waiver); *Cozzens v. City of Lincoln Park*, 2009 U.S. Dist. LEXIS 4063, at *5-6 (E.D. Mich. Jan. 21, 2009).

As set forth above, Plaintiff has failed to answer Defendant's interrogatories or its requests for production of documents. Similarly, Plaintiff has failed to serve any Fed. R. Civ. P. 26(a) initial disclosures. Thus, an order compelling full and complete answers and initial disclosures is appropriate.

### B. The Court Should Consider Awarding Defendant its Reasonable Costs and Attorney Fees Incurred in Bringing this Motion

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if the Court grants a motion to compel or responsive discovery is served following the filing of the motion, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Here, an award of Defendant reasonable expenses is warranted. Defendant made a good faith effort to resolve the parties' discovery disputes when it extended numerous professional courtesies to Plaintiff and essentially provided extensions to respond to the outstanding discovery requests. (**Ex. B.**) Plaintiff's failure in responding to Defendant's discovery requests has brought defense of this lawsuit to a complete halt and forced Defendant to incur fees that could have been avoided had Plaintiff responded to Defendant's basic discovery requests. Thus, an award to Defendant is appropriate.

5

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Ascension Genesys respectfully requests this Court enter an order:

A. Granting Defendant's Motion to Compel Discovery Responses from Plaintiff;

C. Compelling Plaintiff to serve full and complete Fed. R. Civ. P. 26(a) initial disclosures within seven (7) days of this Court's order;

B. Compelling Plaintiff to serve full and complete signed and dated answers to Defendant's First Set of Interrogatories within seven (7) days of this Court's order;

C. Compelling Plaintiff to serve full and complete signed and dated responses to Defendant's First Request for Production of Documents and to produce all documents in Plaintiff's possession, custody or control that are responsive to Defendant's requests for production within seven (7) days of the Court's order;

D. Awarding Defendant its reasonable expenses in bringing this motion, including attorneys' fees and costs; and

E. Granting Defendant any further relief this Court deems just and equitable.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ Daniel C. Waslawski*
Maurice G. Jenkins (P33083)
Michelle J. LeBeau (P51440)
Daniel C. Waslawski (P78037)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075

6

>(248) 936-1900
>Maurice.Jenkins@jacksonlewis.com
>Michelle.LeBeau@jacksonlewis.com
>Daniel.Waslawski@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

On this day March 10, 2023, the undersigned did cause to be filed the foregoing document with the Court using the CM/ECF system, which will send notice of its filing to all counsel of record.

>*/s/ Daniel C. Waslawski*
>Daniel C. Waslawski (P78037)

7

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AHMED ELZEIN,

    Plaintiff,

v.

ASCENSION GENESYS HOSPITAL,

    Defendant.

Case No: 2:22-cv-12352

Hon. Sean F. Cox

Magistrate Curtis Ivy, Jr.

| STEMPIEN LAW, PLLC<br>Eric Stempien (P58703)<br>Attorneys for Plaintiff<br>38701 Seven Mile Rd., Suite 130<br>Livonia, MI 48152<br>(734)744-7002<br>eric@stempien.com | JACKSON LEWIS P.C.<br>Maurice G. Jenkins (P33083)<br>Michelle J. LeBeau (P51440)<br>Daniel C. Waslawski (P78037)<br>Attorneys for Defendant<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>Maurice.Jenkins@jacksonlewis.com<br>Michelle.LeBeau@jacksonlewis.com<br>Daniel.Waslawski@jacksonlewis.com |
|---|---|

**INDEX OF EXHIBITS FOR DEFENDANT'S MOTION TO COMPEL FED. R. CIV. P. 26(a) INITIAL DISCLOSURES AND RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS**

    A.    Discovery Requests

    B.    Email Chain