# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AHMED ELZEIN,

  Plaintiff,

  Case No. 22-12352

vs

  Hon. Sean F. Cox

ASCENSION GENESYS HOSPITAL,

  Magistrate Judge Curtis Ivy, Jr.

  Defendant.

---

STEMPIEN LAW, PLLC
Eric Stempien (P58703)
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com

JACKSON LEWIS P.C.
Maurice G. Jenkins (P33083)
Michelle J. LeBeau (P51440)
Daniel C. Waslawski (P78037)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
Maurice.Jenkins@jacksonlewis.com
Michelle.LeBeau@jacksonlewis.com
Daniel.Waslawski@jacksonlewis.com

---

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF AHMED ELZEIN

  Defendant Ascension Genesys Hospital ("AGH" or "Defendant"), through its counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedures, submits the following First Set of Interrogatories to Plaintiff Ahmed Elzein. These Interrogatories shall be deemed continuing so as to require further and supplemental answers if additional or different information becomes available to you.

### I. DEFINITIONS AND INSTRUCTIONS

  As used in these interrogatories, the following terms shall have the following meanings:

  A. "Person" or "party" includes any individual, corporation, partnership, group, association, union, fraternity, company, sole proprietor, store, establishment, place, firm co-

partnership, joint venture, government, governmental department, governmental agency, or any other organization or entity.

B.  "Document" or "writing" includes the original in hard copy or electronic format, and any copies or drafts of any writing or recording of whatever kind or nature, however produced or reproduced, including without limitation, by handwriting, email, chat room, texts, instant messages, typewriting, printing, photostating, photography, magnetic impulse, mechanical or electronic recording, or any other means of preserving or recording in any tangible form of any communication or representation, including, without limitation, any correspondence, records, schedules, tables, charts, drawings, reports, memoranda, papers, notes, letters, telegrams, orders, messages (including reports of telephone conversations and conferences), minutes, meeting notes, contracts, agreements, books, ledgers, vouchers, diaries, logs, calendar notations, emails, computer programs, computer printouts, articles, studies, proposals, manuals, work sheets, summary sheets, press clippings, publications, newsletters, diagrams, photographs, transcripts, microfilms, microfiches, audio and/or visual recordings, and any other data compilation written, printed or recorded in any tangible form of any kind, from which information can be obtained or translated through any means.

C.  "Meeting" includes any formal, informal, personal, telephonic or visual meeting or computer conference between any two or more individuals, including, without limitation, any conference, discussion, conversation, communication, negotiation, incident, event, or any other interaction or exchange.

D.  "You," "your" and "Plaintiff" mean Plaintiff Ahmed Elzein, without limitation, any and all of his present and former employees, agents, representatives, servants, sureties, indemnitors, attorneys, predecessors, successors, assigns, and all other persons acting on Plaintiff's behalf or in Plaintiff's interest.

E.  In answering these interrogatories furnish all information available to you, including all information that can be obtained by you from your present and former agents, servants, employees, representatives, attorneys, sureties, indemnitors, and any other person who has acted on your behalf or in your interest, and from any other source available to you.

F.  In answering these interrogatories omit no information or details. We will assume that where information is not stated it does not exist, and that where detail is missing, it cannot be provided. We will request that the court rule that any information or detail you have not furnished in your answers or in supplemental answers cannot thereafter be used by you in this matter as evidence or otherwise.

G.  If you cannot answer any interrogatory in full, answer the interrogatory as completely as possible and describe in detail all the reasons for your inability or failure to answer completely.

H.  If you refuse to supply any information or document because of a claim of confidentiality, privilege, or any other protection from disclosure, answer the remainder of the interrogatory, state the basis of your claim of protection, and identify the information or document

as fully as possible without destroying the asserted protection from disclosure or conveying information which might support a waiver of or the non-existence of the protection (e.g., identify each person who has had access to some or all of the material or information which you have refused to produce).

I.      Where you are requested herein to specify a date, state the day, month and year, and if not known, the best approximation thereof, including the relationship of the date to any other facts which may indicate more precisely the date.

J.      Where you are requested herein to "identify" any person, provide:
1.      Full and correct name;
2.      Any other names by which it is known or which it uses;
3.      A description of the type of entity (e.g., corporation, partnership, individual);
4.      Complete business address(es);
5.      Last known business address(es) if current business address is not known;
6.      If an individual, complete current home or residential address;
7.      Last known home or residential address if current home or residential address is not known;
8.      Business, and if an individual, home telephone number(s) where said person can be reached.

## II.    <u>INTERROGATORIES</u>

1.      Identify yourself by your current full name and any other names known by; date and place of birth; marital history and present status (including name(s) of past and current spouses, if any); children (including full name and date of birth), if any; and employer (or self-employment) of your spouse, if any.

**<u>ANSWER:</u>**


2.      In chronological order, provide each address you have lived at since 2010, providing for each, the dates during which you resided at the address identified, and identifying all individuals with whom you resided at each address.

**<u>ANSWER:</u>**

3.       Identify all schools (including, but not limited to, high schools, colleges, vocational and others) which you attended and/or graduated from, and include for each: the name and address; dates attended; major or concentration of studies; cumulative GPA; whether you received a degree, diploma, certificate or any other certification of completion of studies or, in the alternative, the reason you did not complete your studies; and whether you received any honors or discipline while in attendance.

**ANSWER:**


4.       Aside from your employment with AGH, list all jobs (including self-employment) that you have held in the last 15 years providing for each the following information: the name of the employer; address of employer; position/title; dates employed; name of supervisor; state whether employment was terminated voluntarily or involuntarily; and provide the reason for the termination of employment.

**ANSWER:**


5.       State the name, address and telephone number, and date of contact for all companies, entities, websites (including, for example, Michigan Works!), and the like with whom you have completed an application for employment or to whom you have submitted a resume or otherwise contacted to inquire about employment from July 2020 through and including the present and continuing until the date of trial of this action.

**ANSWER:**

6.      Since July 2020, have you been employed or self-employed, received any payment from any government program (federal or state), or received any compensation or other benefit (hereinafter referred to as "payment")? If so, identify the source of said payment by the name, address and phone of the provider; date of when you applied; your job title and duties; the basis upon which you received this payment; the dates that you received payment; anticipated end date of payment; and the amount of such payments.

**ANSWER:**


7.      Aside from this case, have you (or an entity in which you or your spouse have a financial interest) ever been a party in any lawsuit, legal proceeding, governmental agency proceeding, bankruptcy or criminal proceeding? If so, provide the following information: names of parties; forum/court; city and state in which action was brought; case number(s) and year in which action was brought; type of lawsuit or proceeding; and disposition of lawsuit or proceeding.

**ANSWER:**


8.      Have you ever provided a written sworn statement or an affidavit, or testified by deposition or in court, or otherwise, as part of any lawsuit, criminal proceeding or governmental agency matter, including, but not limited to, an arraignment or other criminal proceeding? If so, provide the following information: names of parties; forum in which action was brought; case number(s) and year in which action was brought; type of lawsuit or proceeding; and disposition of lawsuit or proceeding.

**ANSWER:**

9.     If Plaintiff is seeking emotional distress or other non-economic damages and has ever sought, received, or participated in treatment or counseling from a psychologist, psychiatrist, social worker, therapist, marriage counselor or similar mental health care professional, including any treatment for alcohol or substance counseling or treatment? If the answer to the foregoing is "yes," identify the name and address of the practitioner; the reason(s) for treatment; the dates upon which treatment was sought and/or received; and whether you were ever disabled either from working or seeking employment as a result of such treatment or condition.

**ANSWER:**

10.     In addition to those health care professionals listed in response to the preceding interrogatory, identify all other doctors, personal physicians and other health care professionals you have visited or treated with in the last 10 years by the name and address of the health care professional, organization, or treatment facility; the reason(s) for treatment; the dates upon which treatment was sought and/or received; and whether you were disabled from working or seeking employment as a result of such treatment or medical condition.

**ANSWER:**

11.     State the name, address, employer, position and telephone number of every person of whom you are aware that has knowledge of any of the facts asserted in the Complaint (including expert witnesses); and state in detail, the nature and substance of the information each such person has regarding the related Complaint allegations; whether you are aware of any document each such individual has regarding his or her knowledge relative to those fact allegations; whether and when

you have been in contact with such person (whether verbally or written), including a summary of every such contact and whether you have obtained a written statement.

**ANSWER:**


12.     Please list and describe in detail each exhibit, document or visual aid which you intend to use at the trial of this case and identify the witness through whom each exhibit or demonstrative exhibit will be introduced.

**ANSWER:**


13.     For each type of monetary relief you seek from AGH, state the nature of the relief (e.g., "back pay," "front pay," and/or "punitive" or other such description), the specific amounts sought; the manner in which each such amount was calculated; and the means by which you intend at trial to establish the type and amount of claimed damages.

**ANSWER:**


14.     Please state whether or not you have ever been arrested, charged with an infraction or convicted of a crime, including any felony or misdemeanor, and if so, please state: the nature of the charge; the court (or city, state) in which you were charged or convicted; the date on which you were charged or convicted; the dates of any incarceration; any fine you had to pay; the status or resolution of each charge or conviction; and produce all documents or records related to any charge or conviction.

**ANSWER:**

15.     Identify any user/account name that you currently have or have had on social or professional networking internet sites, including but not limited to Facebook, Instagram, Snapchat, Twitter, Linked In, MyLife, Classmates, and state affirmatively whether you posted to same or communicated with anyone on same regarding topics related to this lawsuit (your employment with AGH, your physical/mental health, any of the allegations in your Complaint, or any current or former employee at AGH, and any alleged emotional distress).

**ANSWER:**

Respectfully submitted,

JACKSON LEWIS P.C.

By:

Maurice G. Jenkins (P33083)
Michelle J. LeBeau (P51440)
Daniel C. Waslawski (P78037)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
Maurice.Jenkins@jacksonlewis.com
Michelle.LeBeau@jacksonlewis.com
Daniel.Waslawski@jacksonlewis.com

Dated:  January 13, 2023

### PROOF OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served upon all parties in the above case at their respective addresses disclosed on the pleadings on January 13, 2023 by:

       ☐ Hand Delivery        X U. S. Mail & E-Mail
       ☐ ECF               ☐ FAX

_____
                Daniel C. Waslawski

4883-3980-8832, v. 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AHMED ELZEIN,

     Plaintiff,

     vs

ASCENSION GENESYS HOSPITAL,

     Defendant.

Case No. 22-12352

Hon. Sean F. Cox

Magistrate Judge Curtis Ivy, Jr.

---

| STEMPIEN LAW, PLLC | JACKSON LEWIS P.C. |
|---|---|
| Eric Stempien (P58703) | Maurice G. Jenkins (P33083) |
| Attorneys for Plaintiff | Michelle J. LeBeau (P51440) |
| 38701 Seven Mile Rd., Suite 130 | Daniel C. Waslawski (P78037) |
| Livonia, MI 48152 | Attorneys for Defendant |
| (734)744-7002 | 2000 Town Center, Suite 1650 |
| eric@stempien.com | Southfield, MI 48075 |
| | (248) 936-1900 |
| | Maurice.Jenkins@jacksonlewis.com |
| | Michelle.LeBeau@jacksonlewis.com |
| | Daniel.Waslawski@jacksonlewis.com |

---

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AHMED ELZEIN

Defendant Ascension Genesys Hospital ("AGH" or "Defendant"), by and through its counsel, Jackson Lewis P.C., and pursuant to Rule 34 of the Federal Rules of Civil Procedures, hereby submits the following First Request for Production of Documents to Plaintiff Ahmed Elzein. These Requests shall be deemed continuing so as to require further and supplemental answers if additional or different information or documents become available to you.

### I.    DEFINITIONS AND INSTRUCTIONS

As used in these requests, the following terms shall have the following meanings:

    a.    The term document shall have its customary broad meaning and includes any and all originals and all copies, without limitations, of the following items, whether printed, electronic,

recorded or reproduced by any mechanism or process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground, including but not limited to: agreements; contracts; communications; correspondence; letters; telegraph; telexes; memoranda; notebooks; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; statistical statements; graphs; laboratory and engineering reports; manuals; specifications; instructions; charts; drawings; minutes or records of meetings; minutes or records of conferences; lists of persons attending meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; reports or summaries of negotiations; photographs; drafts or any documents; original or preliminary notes; marginal comments appearing on any documents; stenographic or stenotype notes; any voice records whether on a tape or a record or video tape; books; pamphlets; periodicals; studies; working papers; indexes; data sheets; data processing cards; leases; ledgers; journals; balance sheets; accounts; invoices; purchase orders; receipts; billings; files; films; trip tickets; expense vouchers; instructions; bulletins; email; chat-room conversations; texts, instant message conversations; or any other message or writing or other tangible thing.

      b.    <u>Privilege</u>. In the event that any document is withheld on the basis of any legal obligation, privilege, or immunity, Plaintiff shall indicate the following information for each such withheld document:

      1.    the date of the document;

      2.    the general character or type of document (i.e., letter, memorandum, notes of meetings, etc.);

      3.    the identity of the person in possession of the document;

      4.    the identity of the author of the document;

      5.    the identity of the original recipient or holder of the document;

      6.    the legal basis including, but not limited to, any legal objection or privilege for withholding the document.

      c.    The terms "any" and "each" shall include the collective as well as the singular and shall mean "all" and "every" as well as "each and any."

      d.    The terms "you" or "your" mean Plaintiff Ahmed Elzein, as well as individuals, present and former agents, attorneys, employees, and all other persons acting or purporting to act on behalf of Plaintiff.

      e.    The term "person" or "persons" means, unless otherwise specified, any natural person, firm, corporation, association, group or organization, or any agent thereof.

      f.    Reference to any person shall include, but not be limited to, each and every officer, director, attorney, employee or agent of each such person or entity.

g.      The term "identity," "identify" or "identification," used in referenced to a person, means the following information is to be given: his/her or its full name and present address; his/her present or last known position in business affiliations; and his/her position in business affiliation at the time in question. The term "identify," "identity," or "identification," when used in reference to a document, means the following information is to be given: the date and type of document or any other means of identifying it, and its present location of custodian.

h.      If any document was, but no longer is, in your possession or subject to your control, state its disposition, current location to the best of your knowledge, and current custodian.

i.      The documents requested for production shall be produced as they are kept in the normal course of business or they shall be organized and labeled so as to correspond to the categories of the request.

## II.      <u>DOCUMENTS TO BE PRODUCED</u>

1.      All documents you identified or referred to in answering Defendant's First Set of Interrogatories to Plaintiff.

**<u>RESPONSE</u>:**

2.      All documents you identified or referred to in Plaintiff's Initial Disclosures.

**<u>RESPONSE</u>:**

3.      All documents, records, or papers in any way pertaining to Plaintiff's employment with AGH, including specific documents relied upon, consulted or used for each claim and allegation contained in Plaintiff's Complaint.

**<u>RESPONSE</u>:**

4.      All documents, transcripts, and certifications from all schools and/or certified programs (including, but not limited to, high schools, colleges, vocational, professional and others)

which Plaintiff attended and/or graduated from and including, without limitation, any documents which identify the class(es), GPA, major/concentration, and degree/certificate at each school or program.

**RESPONSE**:


5.      All documents related to any lawsuits, arbitrations, administrative proceedings, bankruptcy, divorce proceedings or any other litigation proceeding in which the Plaintiff was a named party or in which he testified or provided a sworn statement.

**RESPONSE**:


6.      Produce any and all notes (handwritten or typed), email, memoranda, text messages, diaries, calendar entries, journals, and any other writings prepared by or in the possession of Plaintiff relating to, or in any way, referring to any meetings, incidents, complaints, telephone calls, or other communications between the Plaintiff and AGH, or any current or former employee of AGH, regarding or relating to any of the claims alleged by Plaintiff in this lawsuit.

**RESPONSE**:


7.      Produce a copy of all documents, including but not limited to, records, correspondence, memos, evaluations, appraisals or any other documents, received by Plaintiff from AGH, or any current or former employee AGH, regarding or related to any of the claims at issue in this matter.

**RESPONSE**:

8.      Produce a copy of all pay stubs, W-2's, and any other documents reflecting pay, benefits or other compensation received by Plaintiff from AGH.

**RESPONSE**:


9.      Any and all documents, including any emails and notes, which Plaintiff claims support or which refute or relate to Plaintiff's allegation that AGH, or any current or former employee of AGH, discriminated against Plaintiff because of his asserted protected classes as alleged by Plaintiff in his Complaint.

**RESPONSE:**


10.      Any and all resumes, cover letters, job application logs, web logs, e-mails, internet and on-line applications for job postings, and other documentation prepared, received, distributed or otherwise used by the Plaintiff during any search for employment, between July 2020 and through the date of trial in this action, including specifically but not limited to, any printouts, application logs and documents from Michigan Works!, Career Builder, Linked In, Monster.com and Indeed.

**RESPONSE**:


11.      Complete records of all federal, state and local income tax returns filed by or on behalf of Plaintiff, or any business entity in which Plaintiff had/has a beneficial or ownership interest, including, without limitation, W-2s, 1040s, and all schedules or attachments thereto for the years between 2017 and through the date of trial in this action. To the extent you do not have

any tax returns in your possession, please execute the attached authorizations.

**RESPONSE**:

12.     Any and all documents, records and papers reflecting, establishing or documenting any medical treatment that Plaintiff has received, including but not limited to the medical treatment for any injury alleged in Plaintiff's Complaint, as well as treatment or counseling support for emotional, psychiatric and psychological concerns.

**RESPONSE**:

13.     Any and all documents, records and papers documenting or relating to out-of-pocket expenses, wage loss, emotional distress damages, and the amount of any other damages Plaintiff may allege he has incurred as the result of the acts complained of in the Complaint.

**RESPONSE**:

14.     Any and all exhibits, documents or visual aid which the Plaintiff intends to offer at the trial of this action.

**RESPONSE**:

15.     All statements, summaries of statements, texts, audio or visual recordings or affidavits that Plaintiff or his counsel have obtained pertaining to the claims or other issues involved in this litigation, including, without limitation, any tape recordings or witness statements.

**RESPONSE**:

16.     Any and all personnel or employment policies, practices and procedures of AGH, including handbooks, guidelines, manuals, memorandums, and all other publications of AGH that are in Plaintiff's possession and relate to Plaintiff's allegations in his Complaint.

**RESPONSE:**


17.     For the social networking site(s) or web based communications identified in response to Defendant's First Set of Interrogatories, produce copies of:

     a.    Your complete profile on Facebook, Instagram, Snapchat, LinkedIn, MyLife, Twitter, Classmates and all others, and all status updates, messages, wall comments, wall posts, profile posts, causes joined, chat groups/rooms, groups joined, details, comments, and applications which relate in any way to your employment with AGH, or any current or former employee at AGH, your physical/mental health, any of the allegations in your Complaint and any alleged emotional distress.

     b.    All photographs or videos posted by Plaintiff, by anyone on his behalf, or photographs which he has been "tagged" on Facebook, Instagram, or any other media site which relate in any way to your employment with AGH, or any employee at AGH, your physical/mental health, any of the allegations in your Complaint and any alleged emotional distress.

**RESPONSE:**


18.     All documents reflecting any communications with the unemployment agency and

any unemployment compensation benefits received by Plaintiff. This includes, but is not limited to the Benefit Payment History that Plaintiff is able to print off from the Unemployment Insurance Agency website.

**RESPONSE:**

19.     All documents reflecting any payment, benefits (including any benefits from the state or federal government), and/or income received by Plaintiff since his separation from employment with AGH, with the exception of any unemployment compensation benefits received.

**RESPONSE:**

20.     Produce a copy of any and all applications for supplemental benefits or other benefits to any state and/or federal government, including any approval or denial correspondence from the government, and documents submitted or received as a result of such application(s). If you didn't maintain a copy of any such application or documents, and did apply, please state so.

**RESPONSE:**

21.     Produce a copy of any documents or records relating to any arrest, charge, infraction or conviction of a crime, including any felony or misdemeanor, with which you have been charged or convicted.

**RESPONSE:**

22.     Produce any opinion or opinions and Curriculum Vitae or resume of any person that you have consulted with or intend or expect to consult with or whom you intend to or expect

to call as an expert witness at the time of trial of this action, including each and every document, exhibit or visual aid that you intend to use in conjunction with or offer into evidence through each expert witness; produce a copy of each and every document acquired, developed, reviewed or relied upon by any expert identified in response to Defendant's First Set of Interrogatories in anticipation of this litigation and/or in anticipation of the trial of this action.

**RESPONSE:**


23.     All documents that Plaintiff provided to and/or received from any administrative agency (including but not limited to the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights ("MDCR")) relating to Plaintiff's claims, complaint allegations, or any claims of wrongful discrimination filed.

**RESPONSE:**


24.     Please produce your most recent Social Security Administration Earnings and Benefits Record statement. To obtain a copy of this statement, go to www.socialsecurity.gov/myaccount and select "Print / Save Your Full Statement" to obtain a pdf copy.

**RESPONSE:**

9

25.     Execute the attached waivers and authorizations, in addition to those received directly from AGH's third-party subpoena vendor. Complete the authorizations for each medical provider, educational institution and employer identified in response to Defendant's interrogatories.

**RESPONSE:**

                                        Respectfully Submitted:

                                        JACKSON LEWIS P.C.

                        By:     _____
                                        Maurice G. Jenkins (P33083)
                                        Michelle J. LeBeau (P51440)
                                        Daniel C. Waslawski (P78037)
                                        Attorneys for Defendant
                                        2000 Town Center, Suite 1650
                                        Southfield, MI 48075
                                        (248) 936-1900
                                        Maurice.Jenkins@jacksonlewis.com
                                        Michelle.LeBeau@jacksonlewis.com
                                        Daniel.Waslawski@jacksonlewis.com

Dated:  January 13, 2023

---

**PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties in the above case at their respective addresses disclosed on the pleadings on January 13, 2023 by:

        ☐ Hand Delivery                X U. S. Mail & E-Mail
        ☐ ECF                          ☐ FAX

_____
                Daniel C. Waslawski

---

## <u>MEDICAL INFORMATION AUTHORIZATION</u>

TO:


     This will authorize and request to permit the bearer of this Authorization to examine any and all of your records relating to treatment, hospitalization, examination, intake questionnaires progress notes, psychiatric/psychological records and notes, substance use, or prescriptions given or sold to **AHMED ELZEIN**, including the nature of the prescriptions, customer profile cards, estimates of the period or amount of disability, subjective symptoms, objective symptoms, diagnosis, prognosis and any further information which may be available to you and to discuss the same with you.

     You are further authorized to provide the bearer a copy of any and all such records.

     A photostatic copy of this authorization shall serve in its stead.


_____

**AHMED ELZEIN**

DOB: _____

**AUTHORIZATION FOR RELEASE OF**
**<u>EMPLOYMENT RECORDS AND INFORMATION</u>**

TO:

      This will authorize and request you to permit any representative of the law firm of Jackson Lewis P.C. to examine any and all of your records relating to employment of **AHMED ELZEIN**, including payroll records, personnel records, employment applications, resume, disciplinary action, counseling, records regarding physical examinations and/or drug tests, medical records, performance appraisals, W-2s, benefit enrollment applications, insurance policies, whether voluntary or involuntary termination, and any further information which may be available to you, and to discuss the same with you.

      You are further authorized to provide any representative of Jackson Lewis P.C. with a copy of any and all such records and materials.

      A photostatic copy of this authorization shall be considered as effective and valid as the original.

_____

**AHMED ELZEIN**

SS#_____

## AUTHORIZATION FOR RELEASE OF
## <u>EDUCATIONAL RECORDS AND INFORMATION</u>

TO:


This will authorize and request you to permit any representative of the law firm of Jackson Lewis P.C. to examine any and all of your records relating to the education of **AHMED ELZEIN,** including all lists of courses completed, transcripts, grades received, major or area of concentration, dates of enrollment, reports regarding physicals and/or drug tests, reports and notes regarding counseling received, reports and notes regarding disciplinary actions, any and all items contained in his student files and any further information which may be available to you, and to discuss the same with you.

You are further authorized to provide any representative of Jackson Lewis P.C. with a copy of any and all such records and materials.

A photostatic copy of this authorization shall be considered as effective and valid as the original. This authorization shall be in full force and effect until the conclusion of the pending litigation or claim.


_____

**AHMED ELZEIN**

Date of Birth: _____

**HIPAA Privacy Authorization**
**For Disclosure of Protected Health Information**
**Relevant To Litigation, Pending Claims or Intent to Sue**

Patient's Name:__Ahmed Elzein_____

Address:_____ Date of Birth:_____

1.   I make this Authorization for the purpose of copying records in connection with a lawsuit or claim to which I am a party.

2.   This authorization is directed to and applies to protected health information maintained by:


(Hospital, Physician, Medical provider, etc.) _____


_____

3.   I hereby authorize the above, its director, administrative and clinical staff or assignees, medical information services and billing departments to release any and all medical records and information from my date of birth to the present unless specified otherwise, relating to my care and treatment including x-rays, photographs, electronic and digital files and any other records, unless I expressly direct or specify otherwise. I understand that medical information may include records, if any, relating to treatment for alcohol and drug abuse protected under the regulations in 42 C.F.R. Part 2; psychiatric/psychological services, substance use, progress notes, and social work records and any information regarding communicable diseases and infections, defined by Michigan Department of Public Health rule, which can include tuberculosis, venereal diseases, sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV) or ARC.

4.   This information is to be released for copying purposes to: Jackson Lewis P.C., their agent, or any party to the litigation or agent thereof.

5.   I understand that information used or disclosed pursuant to this authorization may be disclosed by the recipient and may no longer be protected by the Federal Privacy Rules.

6.   This authorization shall be in full force and effect until the conclusion of the pending litigation or claim unless otherwise specified.

7.   I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and send it to the hospital, doctor or other custodian of medical information. I understand that the revocation will not apply to information that has already been released in response to this authorization.

8.   I understand that authorizing the release of this health information is voluntary and that I need not sign this form in order to ensure health care treatment, eligibility for benefits, payment or health plan enrollment.

9.   A copy of this authorization is as valid as the original.

**All PERTINENT SECTIONS OF THIS FORM MUST BE COMPLETED BEFORE SIGNING**


X_____
**Signature of Patient / Personal Representative   Date**


_____
Print Name of Patient

Date: _____