UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AHMED ELZEIN,

      Plaintiff,

                              Case No:  2:22-cv-12352

v.

                              Hon.  Sean F. Cox

ASCENSION GENESYS HOSPITAL,

                              Magistrate Curtis Ivy, Jr.

      Defendant.

| STEMPIEN LAW, PLLC | JACKSON LEWIS P.C. |
|---|---|
| Eric Stempien (P58703) | Maurice G. Jenkins (P33083) |
| Attorneys for Plaintiff | Michelle J. LeBeau (P51440) |
| 38701 Seven Mile Rd., Suite 130 | Daniel C. Waslawski (P78037) |
| Livonia, MI 48152 | Attorneys for Defendant |
| (734)744-7002 | 2000 Town Center, Suite 1650 |
| eric@stempien.com | Southfield, MI 48075 |
|  | (248) 936-1900 |
|  | Maurice.Jenkins@jacksonlewis.com |
|  | Michelle.LeBeau@jacksonlewis.com |
|  | Daniel.Waslawski@jacksonlewis.com |

## **STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

WHEREAS, parties and non-parties to this action ("Litigation"), have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information ("Discovery Material") that they consider private, confidential, or proprietary; and

WHEREAS, Plaintiff Ahmed Elzein ("Plaintiff") and Defendant Ascension Genesys Hospital ("Defendant") have agreed, by their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Discovery Material;

1.     IT IS ORDERED that if, in the course of discovery or other proceedings in this action, Defendant or Plaintiff or any party to the Litigation, or any third party discloses Discovery Material they deem private, confidential, or proprietary, the producing entity may designate such Discovery Material as "Confidential." Discovery Material designated as Confidential, and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material," and shall be subject to all the terms of this Stipulation and Protective Order ("Order").

2.     Documents may be designated "Confidential" by stamping each page of the document with the corresponding legend. Deposition testimony may be designated "Confidential" or by so indicating orally on the record during the deposition, or by subsequent designation in writing by the deponent or his/her attorney, or an attorney for any party. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the appropriate legend. Without regard to the designation requirements of this Order, every page of Plaintiff's medical records produced in this matter, no matter the source of the production, is hereby designated as "Confidential".

3.     Any person in possession of Confidential Discovery Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

4.     Confidential Material shall not be disclosed, except as provided in

paragraphs 5 and 6 below, except upon prior written consent of the designating party.

5.    Confidential Material may be disclosed only to the extent reasonably

necessary for the conduct of the Litigation and only to the following:

(a)    the Court (including any appellate court) Court personnel, and jurors;

(b)    court reporters in connection with the taking of a deposition or the transcription of court proceedings;

(c)    attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees.

(d)    parties to the Litigation and their officers, directors, trustees, and employees.

(e)    the creator and addressees of such Confidential Material and persons who received a copy thereof prior to its production in the Litigation;

(f)    anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness; and

(g)    experts, advisors, consultants, and other persons engaged to assist directly in the Litigation.

6.    With respect to persons specified in paragraph 5(d), (e), (f) and (g)

above, any testimony concerning Confidential Material shall itself be deemed

Confidential Material.

7.    In the event that counsel for any signatory to this Order at any time

believes that Confidential Material should cease to be so designated, such counsel

shall so notify counsel for the designating party.  Counsel for the challenging and

designating parties shall confer in good faith within ten business days of such notification in an effort to resolve the matter by agreement.  If agreement is not reached within ten business days thereafter, the designating party shall have the burden of moving and may move upon proper notice within thirty days to obtain an appropriate protective order.  In the event that such a motion is made, any disputed Discovery Material shall remain subject to and protected by this Order until such motion is resolved.

8.     Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever.

9.     This Order shall have no effect upon a designating party's use of its own Confidential Material.

10.    The inadvertent failure to designate Discovery Material as Confidential, shall be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons other than those listed in paragraph 5 hereof and to prevent further use or disclosure of Confidential Material contained therein by such persons.

11.    The production of privileged or work-product protected documents,

electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Any Discovery Material so produced and subsequently made subject to a claim of privilege or work-product shall immediately be returned to the producing person, and all copies or summaries thereof immediately destroyed, and such Discovery Material shall not be introduced into evidence in this or any other proceeding by any person or order of the Court, nor will such Discovery Material be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding. The production of any Discovery Material in this action, which, absent such production, would have been in whole or in part privileged under the attorney-client privilege or the work-product doctrine, will not waive the attorney-client privilege or the work-product doctrine as to any material not produced, regardless of its subject matter.

12. If any person in possession of Confidential Material, is served with any legal process or other request seeking production of such material, such person shall give the designating party (a) prompt written notice of the receipt of such request; (b) a copy of any proposed response to such request at least two business days prior

to furnishing such response, and (c) written notice of any hearing or other proceeding relating to such request at least five business days prior to such hearing or other proceeding (unless such person receives fewer than five business days' notice, in which event notice shall be given the same day as such person receives notice). Nothing herein shall be construed as requiring the person served with any legal process or other request seeking production of any Discovery Material to refuse to comply with its legal obligations regarding such process or request.

13.     Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been or could be legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation.

14.     To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

15.     Upon request of the designating party, and following the termination of this action and any related proceedings and appeals, any person in possession of Confidential Material, shall either (1) return such material to counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to

the Court that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Order.

16.     In the event that any person shall violate or threaten to violate any of the terms of the Order, the aggrieved party may seek an appropriate remedy from the Court, and no signatory to this Order shall raise as a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

17.     The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

18.     The terms of this Order shall not terminate at the conclusion of the Litigation.

19.     Prior to the time this Order is entered by the Court, Confidential Material shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court.

20.     Filing Protected Documents.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to require that a document designated as Confidential be filed under seal in connection with a motion, brief, or other submission to the Court must comply with Eastern District of Michigan LR 5.3.

**IT IS SO ORDERED.**

Dated:  April 18, 2023                    s/Sean F. Cox
                                          Sean F. Cox
                                          U. S. District Judge

**WE HEREBY STIPULATE TO ENTRY OF THE ABOVE ORDER:**


By:  /s/ Eric Stempien (with consent)     By:  /s/ Daniel C. Waslawski
STEMPIEN LAW, PLLC                        JACKSON LEWIS P.C.
Eric Stempien (P58703)                    Maurice G. Jenkins (P33083)
Attorneys for Plaintiff                   Michelle J. LeBeau (P51440)
38701 Seven Mile Rd., Suite 130           Daniel C. Waslawski (P78037)
Livonia, MI 48152                         Attorneys for Defendant
(734)744-7002                             2000 Town Center, Suite 1650
eric@stempien.com                         Southfield, MI 48075
                                          (248) 936-1900
                                          Maurice.Jenkins@jacksonlewis.com
                                          Michelle.LeBeau@jacksonlewis.com
                                          Daniel.Waslawski@jacksonlewis.com