UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMED ELZEIN,

    Plaintiff,

v.

ASCENSION GENESYS HOSPITAL,

    Defendant.

Case No. 22-12352

Hon. Sean F. Cox

Magistrate Judge Curtis Ivy, Jr.

---

STEMPIEN LAW, PLLC
Eric Stempien (P58703)
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com

JACKSON LEWIS P.C.
Maurice G. Jenkins (P33083)
Michelle J. LeBeau (P51440)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
Maurice.Jenkins@jacksonlewis.com
Michelle.LeBeau@jacksonlewis.com

**DEFENDANT ASCENSION GENESYS HOSPITAL'S
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendant Ascension Genesys Hospital asserts that the following material facts are not in dispute in this case and support its Motion for Summary Judgment and Brief in Support:

1. Plaintiff Ahmed Elzein graduated medical school in 2016.  Pl.'s Dep. Tr. at p. 17, ln. 22 – p. 18, ln. 1).

2. Plaintiff elected to complete his Residency in the United States.  Pl.'s

Dep. Tr. at p. 17, ln. 22 – p. 18, ln. 1).

3. Plaintiff sought a placement as a Resident in Internal Medicine.

4. Plaintiff did not "match" with any Internal Medicine Residency Program through the National Resident Matching Program from 2016 through 2020.

5. AGH offered Plaintiff a spot in its Internal Medicine Residency Program after the match in 2020, which Plaintiff accepted. Pl.'s Dep. Tr. at p. 46-48.

6. Plaintiff signed a one-year Resident Training Agreement on June 16, 2020. Exhibit 3 at pp. 13 and 20.

7. The Resident Training Agreement between AGH and Plaintiff was for a term of one year. Exhibit 3 at Sec. I.B.

8. The Resident Training Agreement between AGH and Plaintiff was renewable in terms in one-year terms upon the successful completion of the previous year's Agreement. Exhibit 3 at Sec. I.C.

9. The Resident Training Agreement between AGH and Plaintiff included the following requirement at Sec. I.G: "Illness causing absence for longer than two days must be certified by Resident's private physician or hospital employee health department." Exhibit 3 at Sec. I.G.

10. A Remediation Plan dated October 5, 2020, was prepared for Plaintiff. Exhibit 5.

11. On October 7, 2020, during a discussion between Plaintiff, Dr. Pawlaczyk (the Director of the Internal Medicine Residency Program at AGH) and Helen Kurowski, the Remediation Plan was explained and issued to Plaintiff. Exhibit 6.

12. On November 11, 2020, Plaintiff contacted AGH's Security department to report his belief that "someone" placed "something" which he believed to be a bomb in a locker in the on-call room at AGH. Exhibit 7 and Gauthier Dep. at pp. 14, 18-21.

13. Security immediately came to the on-call room to investigate Plaintiff's report and found the report to be unsubstantiated. Exhibit 14.

14. On November 11, 2020, Plaintiff began using the camera on his phone to video record his fellow Residents during their breaks in the on-call room. Exhibit 7 at pp. 1-4.

15. On November 11, 2020, Plaintiff advised Dr. Baj that he did not feel like himself. Baj Dep pp. 21

16. On November 11, 2020, Plaintiff advised Dr. Pawlaczyk that he was feeling feverish. Pawlaczyk Dep pp. 22

17. On November 11, 2020, Plaintiff advised Dr. Baj that he believed an unknown fellow resident had placed a harmful object in his pocket but could not produce the object. Ex. 7

18. On November 11, 2020, Plaintiff advised Dr. Pawlacyzk that he had not been sleeping or eating. Pawlacyzk Dep pp. 22

19. On November 11, 2020, Plaintiff advised Dr. Baj that every time he closed his eyes, others in the room would draw closer to him and he believed those individuals wished him harm. Baj Dep pp. 21

20. From November 12, 2020 through November 17, 2020, Plaintiff was institutionalized at Havenwyck Hospital. Exhibit 8 at p. 1.

21. During his time at Havenwyck Hospital, Plaintiff was diagnosed with Psychotic Disorder and his treating psychiatrist observed that "[h]e was paranoid and delusional. Exhibit 8 at pp. 1 and 2.

22. Plaintiff's treating physician at Havenwyck Hospital testified that Plaintiff was suffering from delusions and unable to work from November 12, 2020 through November 23, 2020. Yoon Dep. at p. 27.

23. On November 30, 2023, Dr. Pawlaczyk (Director of the Internal Medicine Resident Program at AGH) and Maureen Daugherty (HR Representative at AGH) spoke to Plaintiff via telephone and advised him that, in order for him to return to shifts as a Resident, he must provide AGH with a note either from AGH's Occupational Health or from a physician releasing him to return to work, with or without an accommodation. Exhibit 9 at p. 1.

24. The first work related concern raised by Plaintiff to AGC's Human

Resources Department was during a conversation with Marney Daugherty on November 30, 2020. Exhibit 9 at p. 1.

25. AGC's Equal Employment Opportunity Policy includes the requirement that if an employee believes that the policy has or is being violated, the employee "must immediately notify his/her manager, the local HR Partner, the Corporate Responsibility Officer or the Ascension Values Line." Exhibit 1 at p. 2 ("C. Complaint & Investigation Procedure").

26. AGC communicated to Plaintiff available appointment times for Plaintiff to meet with Dr. Vosburgh of AGC's Occupational Health in order to obtain the medical clearance to return to work required by Section I.G of his Resident Training Agreement. Exhibit 15 at p. 1.

27. Plaintiff did not meet with Dr. Vosburgh of AGC's Occupational Health to obtain the medical clearance to return to work required by Section I.G of his Resident Training Agreement. Exhibit 9 at pp. 1-2.

28. Plaintiff did not provide AGC with medical documentation from his private physician to clear him to return to work as required by Section I.G of his Resident Training Agreement. (Exhibit Aug 28 letter)

29. Although he had been instructed that he could not return to work as a Resident until he provided AGC with medical clearance to return to work from either Occupational Health or his own private physician, Plaintiff continued to use his

employee badge to attempt to gain access to AGH premises through December 11, 2020.  Exhibit 16 at p. 7-8.

30. On April 5, 2021, AGH provided Plaintiff with final written notice to provide a return-to-work certificate within 14 days or AGH would not be able to renew his contract.  Exhibit 10.

31. Plaintiff did not respond to AGH's April 5, 2021 letter. Plaintiff dep pp. 245:1-9.

32. Plaintiff was advised by letter dated April 28, 2021 that his Resident Training Contract could not be renewed.  Exhibit 11.

33. Plaintiff filed an EEOC Charge of Discrimination No. 471-2021-01927 signed on May 12, 2021 at 12:07 p.m. EDT. (Ex. 12, p. 1-2)

34. On EEOC Charge No. 471-2021-01927 Plaintiff did not identify national origin as a basis for his claims of discrimination.  (Ex. 12, p. 1-2)

35. Plaintiff did not timely amend his EEOC charge to identify national origin as a basis for his claims of discrimination (Ex. 12)

36. The EEOC issued to Plaintiff Determination and Notice of Rights dated July 13, 2022, as to Charge No. 471-2021-01927.  (Ex. 12, p. 3)

                                                  Respectfully submitted by,

                                                  By: */s/ Michelle J. LeBeau*
                                                  Maurice G. Jenkins (P33083)
                                                  Michelle J. LeBeau (P51440)

                                                Attorneys for Defendant
                                                2000 Town Center, Suite 1650
                                                Southfield, MI 48075
                                                (248) 936-1900
                                                Maurice.Jenkins@jacksonlewis.com
Dated: February 29, 2024          Michelle.LeBeau@jacksonlewis.com

4887-9948-4586, v. 1