UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMED ELZEIN,

    Plaintiff,

v.

ASCENSION GENESYS HOSPITAL,

    Defendant.

Case No. 22-12352

Hon. Judge Brandy R. McMillion

Magistrate Judge Curtis Ivy, Jr.

---

STEMPIEN LAW, PLLC
Eric Stempien (P58703)
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com

JACKSON LEWIS P.C.
Maurice G. Jenkins (P33083)
Michelle J. LeBeau (P51440)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
Maurice.Jenkins@jacksonlewis.com
Michelle.LeBeau@jacksonlewis.com

**<u>DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................... 1

II.   LEGAL ARGUMENT............................................................................. 1

     A.   **Summary Judgment of Plaintiff's Disability Claims Should be Granted.**................................................................................ 1

     B.   **Plaintiff's Race, National Origin and Retaliation Claims Fail** ................................................................................................ 5

     C.   **Summary Judgment of Plaintiff's Harassment Claim is Warranted.** ....................................................................................... 7

III.  CONCLUSION....................................................................................... 7

ii

## I.  INTRODUCTION

For the reasons set forth in AGH's Summary Judgment motion and Brief, as well as those discussed herein, summary judgment in favor of AGH is warranted as to each of Plaintiff's discrimination and retaliation claims that are based on AGH's refusal to allow him to return to work.  The same result should obtain with respect to the remaining claims of false imprisonment and alleged harassment, respectively.

## II.  LEGAL ARGUMENT

**A.  Summary Judgment of Plaintiff's Disability Claims Should be Granted.**

Plaintiff's brief in opposition to Defendant's summary judgment motion strains to create genuine issues of material fact where there simply is no support in the evidentiary record. As a result, Plaintiff is constrained to rely on mere argument, his own perceptions, and contentions; or, at best, selectively cite to evidence of record that is directly contradicted by documentary evidence, his own deposition testimony as well as the testimony of the best-informed physician regarding Plaintiff's psychiatric condition, Dr. Dosyng Yoon, of Havenwyck, who diagnosed Plaintiff as suffering from paranoid ideations, a persecution complex, delusional with respect to his recognition of these psychiatric maladies.

For example, in arguing that he has established a triable issue with respect to his disability discrimination claim, Plaintiff argues that he is *either* disabled or was unlawfully regarded as disabled. (Pl. Response Br.: ECF No. 26; pg. 22)  There is,

however, no genuine issue as to the material fact that Dr. Yoon diagnosed Plaintiff as suffering from not only paranoid ideations and a persecution complex, but that he was also delusional in denying the nature and cause of his own behaviors, as well as lacking in self-introspection of such a severity that hospitalization was required. It was Dr. Yoon, and not AGH, who determined that Plaintiff's condition warranted hospitalization, prescription medication and follow-up psychiatric treatment on an outpatient basis.

Further, Dr. Yoon testified that based on his independent assessment Plaintiff's psychiatric condition warranted not only his hospitalization, but also prescriptive medication, and post-discharge outpatient psychiatric treatment. There is no evidence to indicate that AGH was involved in Dr. Yoon's assessment. This is fatal to Plaintiff's ability to satisfy the first prong of his *prima facie* case burden of proving that his mental condition was unrelated to his ability to perform the patient care duties of a resident physician.

And yet, Plaintiff argues in the alternative that he never suffered from any disabling mental condition but was unlawfully perceived and treated by other AGH physicians as if did. Such a contention is spurious at best given incontrovertible record evidence that he <u>in fact</u> was diagnosed by Havenwyck's Dr. Yoon as suffering from disabling psychiatric maladies which warranted Plaintiff's hospitalization, medication and post-discharge continuing psychiatric treatment.

2

As important, Dr. Yoon's diagnosis substantiates the reasonableness – indeed legitimacy – of the precautionary action taken on November 10, 2020, by AGH physicians who observed or were made aware of Plaintiff's concerning behavior on that day to urge Plaintiff to seek evaluation by emergency room medical staff. In the end, there is insufficient evidence to support a presumption – much less create a genuine issue as to the material fact concerning whether AGH's conduct on that occasion was likely motivated by unlawful disability animus. It clearly was not.

Nor can a genuine issue of material fact be created by Plaintiff's continued insistence that he *never* suffered from any mental disability, or that on November 10, 2020, he told emergency room staff that, "I do not know why I am here"; or that he was simply "not feeling comfortable or himself" on that day due to lack of food. Not only are these contentions belied by Dr. Yoon's diagnosis, but they eerily reflect the very psychiatric maladies that prompted Dr. Yoon to decide that Plaintiff should be hospitalized for a week, as well as his post-discharge treatment regimen.

Plaintiff claims that AGH caused him to be held involuntarily at Havenwyck. However, in his Response Brief, Plaintiff reiterates that he was not suffering from any psychiatric maladies, but he neglects to identify where he complained of being held against his will.

Plaintiff contends that he was twice approved (or cleared) to return to work without restrictions but was denied reinstatement due to unlawful discriminatory or

retaliatory animus. (Pl Response Br.; ECF pp. 23-25) In so doing, Plaintiff engages in a tortured analysis of AGH's return to work policy as it applies to multi-day absences due to a physician's illness or medical condition, to assert that Plaintiff was discriminatorily subjected to a higher burden than other similarly situated Resident physicians. Such a bare contention should be rejected where there is no genuine issue regarding the material fact that:

a. Plaintiff lied when he first returned from his leave of absence and reported to AGH's occupational health administrator that he had only been absent due to a few minor medical issues having nothing to do with the actual reason for his leave of absence; and

b. The November 23, return to work letter from Noni Stein (a social worker at Havenwyck) was neither compliant with AGH's fitness for duty/return to work policy nor authorized by Dr. Yoon, who testified without contradiction that <u>Stein's letter was "too early" because "[Plaintiff] needs to be assessed by the outpatient psychiatrist" he was to consult with within a week after his discharge from Havenwyck.</u>

**(Ex. 1, Yoon Dep. Tr. 26-27).** Plaintiff not only failed to comply with Dr. Yoon's treatment regimen, but Yoon never authorized Stein to issue such a letter, and he would <u>not</u> have signed off on Plaintiff's return to work as of November 23. Whether Plaintiff was intentionally lying, or simply delusional regarding his psychiatric problems, he has not satisfied his *prima facie* case burden of proof that he met the qualifications to continue in AGH's residency program.

It follows, that after almost five months of Plaintiff's failure to present Dr. Yoon's or any other return to work letter from a <u>psychiatrist</u>, coupled with his refusal

4

to submit to an assessment by AGH's Dr. Vosburgh, there is no genuine issue regarding the material fact that a trier of fact could not reasonably find AGH's rationale for not renewing Plaintiff's contract to be a pretext for unlawful discriminatory or retaliatory animus based on disability, much less with respect to race or national origin.

**B.     Plaintiff's Race, National Origin and Retaliation Claims Fail**

Plaintiff's Response Brief also falters in its failure to establish the existence of a triable issue of material fact with respect to his purported race and national origin disparate treatment claims. Plaintiff invites the court to view the actions of each AGH physician or staffer with whom he had contact on November 10 and November 11, 2020, as being motivated by discriminatory or retaliatory animus. Plaintiff's Response is replete with argument and rhetorical questioning the motivation of various individuals from Dr. Pawlaczyk to Dr. Vosburgh, to the security officers who responded to *Plaintiff's* report of a "suspicious package" being placed in a locker in the residents lounge. Plaintiff's Response Brief falls short of establishing by a preponderance of competent evidence of record that a triable issue exists with respect to his race, national origin and retaliation claims.

Plaintiff dismisses the fact that his admission into AGH's internal medicine residency program occurred because of Dr. Pawlaczyk's willingness to go beyond the traditional national portal for Resident doctor candidates and provide a

5

Residence opportunity for Plaintiff (who had not been selected for any residency program over the preceding four years).

Similarly unavailing is Plaintiff's attempt to connect the non-renewal of his residency agreement to a singular report of a co-worker's disparaging comment – which documents show was first reported to Human Resources (M. Daugherty) by Plaintiff <u>after</u> his premature return-to-work letter signed by social worker Stein had already been rejected. While Plaintiff now appears willing to double-down on his retaliation claim by describing a litany of other alleged disparaging comments by co-workers (that were never reported to AGH HR or via the AGH hotline, nor otherwise documented as having been reported by Plaintiff prior to the non-renewal of his residency agreement) there is insufficient evidence to establish a *prima facie* case of retaliation because of this reported concern. Indeed, the record is bare of sufficient competent evidence by which Plaintiff could satisfy his *prima facie* legal burden of proof, much less sufficient to establish that a genuine issue of material fact exists with respect to pretext or causation.

In conclusion, there is competent evidence of record to establish that AGH has proffered a legitimate and non-discriminatory rationale for encouraging Plaintiff to seek an assessment. Moreover, Plaintiff has not proffered competent evidence of record from which one could reasonably conclude that AGH residency program leadership were even predisposed (much less acted on such purported

6

predisposition) to discriminate against Plaintiff because of his race, national origin or because he reported a single incident of alleged co-worker harassment a week **after** his return-to-work letter had already been rejected.

**C.     Summary Judgment of Plaintiff's Harassment Claim is Warranted.**

The court should reject Plaintiff's post-termination effort to buttress his harassment claim by describing events which he never reported during his active residency period. Sadly, the fact that he has created these new events may speak to the fact that he never followed Dr. Yoon's prescribed course of psychiatric aftercare and assessment. That is Plaintiff remains delusional and paranoid with respect to events and circumstances, including his unwillingness to acknowledge or recognize psychiatric maladies Dr. Yoon diagnosed in Plaintiff as requiring further assessment and treatment prior to his being able to return to work where he would be entrusted with providing care to AGH's patients.

### III.     CONCLUSION

Wherefore, Defendant respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted by,
By: Michelle J. LeBeau
Maurice G. Jenkins (P33083)
Michelle J. LeBeau (P51440)

Dated: April 5, 2024                    Attorneys for Defendant

8

**PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties/attorneys in the above case at their respective addresses disclosed on the pleadings on April 5, 2024 by:

☐ Hand Delivery   ☐ U. S. Mail
☐ Overnight Delivery   ☐ FAX
√ ECF (E-filing)   ☐ E-mail

/s/ Michelle J. LeBeau

4857-1856-2229, v. 2